UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHANE Y. SAMRA,

      Plaintiff,

v.                             CASE No. 8:12-CV-1320-T-23TGW

CAROLYN W. COLVIN,[1]
Acting Commissioner of Social Security,

      Defendant.

_____

REPORT AND RECOMMENDATION

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[2]  Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain reversible error, I recommend that the decision be affirmed.

_____

[1]On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security and should, therefore, be substituted for Commissioner Michael J. Astrue as defendant in this action.  See 42 U.S.C. 405(g); Fed.R.Civ.P. 25(d).

[2]This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998.  See also Local Rule 6.01(c)(21).

I.

The plaintiff, who was thirty-seven years old at the time of the administrative decision and who has a ninth grade education, has worked as a waitress and bartender.  She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled due to plates in her back, pins in her right leg and pelvis, and nerve damage (Tr. 190).  The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of lumbar radiculopathy, neuropathy, history of chronic hip and back pain, and anxiety disorder (Tr. 47).  He concluded that these impairments limited the plaintiff to light work with the following additional restrictions (Tr. 49):

> The claimant must avoid climbing ropes, ladders and scaffolds; occasional ramps and stairs; avoid crawling, crouching; occasional stooping, kneeling, balancing; simple tasks and has a moderately limited ability to maintain attention and concentration and work related stress and interact with the public.  For the purposes of this RFC,

moderately limited is defined as conditions which
affects but does not preclude the ability to function.

The law judge determined that, with these limitations, the
plaintiff could not return to prior work (Tr. 52). However, based upon the
testimony of a vocational expert, the law judge found that jobs existed in
significant numbers in the national economy that the plaintiff could perform,
such as office helper, park cashier, and ticket seller (Tr. 53). Accordingly, the
law judge decided that the plaintiff was not disabled. The Appeals Council
let the decision of the law judge stand as the final decision of the
Commissioner.

## II.

In order to be entitled to Social Security disability benefits and
supplemental security income, a claimant must be unable "to engage in any
substantial gainful activity by reason of any medically determinable physical
or mental impairment which ... has lasted or can be expected to last for a
continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A),
1382c(a)(3)(A). A "physical or mental impairment," under the terms of the
Social Security Act, is one "that results from anatomical, physiological, or

psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."   42 U.S.C. 423(d)(3), 1382c(a)(3)(D). In this case, the plaintiff must show that she became disabled before her insured status expired on March 31, 2006, in order to receive disability benefits.   42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952.   There is not a similar requirement with respect to the plaintiff's claim for supplemental security income payments.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence.  42 U.S.C. 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).  Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings."

Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert.
denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the
courts, to resolve conflicts in the evidence and to assess the credibility of the
witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is
the responsibility of the Commissioner to draw inferences from the evidence,
and those inferences are not to be overturned if they are supported by
substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir.
1963).

Therefore, in determining whether the Commissioner's decision
is supported by substantial evidence, the court is not to reweigh the evidence,
but is limited to determining whether the record as a whole contains sufficient
evidence to permit a reasonable mind to conclude that the claimant is not
disabled. However, the court, in its review, must satisfy itself that the proper
legal standards were applied and legal requirements were met. Lamb v.
Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff challenges the law judge's decision on several grounds. None of the contentions warrants reversal.

The plaintiff argues first that, by not requesting an opinion from Dr. Pier D. Frank, the plaintiff's treating primary care physician, the law judge failed to satisfy his duty to develop a full and fair record (Doc. 13, p. 8). However, as Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) – the case cited by the plaintiff – makes clear, the law judge's duty concerns developing the medical record for the twelve months prior to the application. There is no assertion that that duty was violated here.

Rather, the plaintiff contends that Dr. Frank should have been contacted because there was no opinion from a treating physician regarding the plaintiff's capabilities (Doc. 13, p. 9). However, the plaintiff "bears the burden of proving that [s]he is disabled, and, consequently, [s]he is responsible for producing evidence in support of h[er] claim." Ellison v. Barnhart, supra, 355 F.3d at 1276; Doughty v. Apfel, 285 1274, 1276 (11th Cir. 2001); 20 C.F.R. 404.1512(a), (c); 416.912(a), (c). Significantly, the plaintiff was represented by an attorney during the administrative proceedings

(Tr. 1, 60). Under these circumstances, the burden was on the plaintiff and her lawyer, and not the law judge, to obtain an opinion from Dr. Frank. Osborn v. Barnhart, 194 Fed. Appx. 654, 668-69 (11th Cir. 2006).

Moreover, a remand is not warranted due to a failure to develop the record unless the plaintiff can demonstrate evidentiary gaps in the record which result in "unfairness or clear prejudice." Graham v. Apfel, 129 F.3d 1420, 1423 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 586 (11th Cir. 1991). The plaintiff did not demonstrate that the law judge failed to develop the record, much less that such a failure resulted in evidentiary gaps amounting to clear prejudice.

Here, the plaintiff had physical and mental consultative examinations. Further, Dr. Frank's notes were in the record. Accordingly, the law judge could reasonably conclude that he had sufficient information to make a determination of whether the plaintiff was disabled.

In addition, the plaintiff has not proffered any opinion from Dr. Frank regarding the plaintiff's functional limitations. Consequently, it is speculation to think that he would opine that the plaintiff had greater functional limitations than found by the law judge.

-7-

For these reasons, this contention lacks merit.

The plaintiff's second issue is that the law judge's residual functional capacity finding is not supported by substantial evidence (Doc. 13, p. 11). This issue has several subparts. None warrants reversal.

On this point, the plaintiff argues that the law judge erred in giving weight to the opinion of a single decision-maker, George Brown, regarding the plaintiff's physical condition because Brown is not a doctor (id., pp. 11-12). The Commissioner concedes that this was error, but contends that it was harmless (Doc. 14, pp. 9-10).

The law judge did not specifically detail Brown's opinion in his decision and simply referred to Exhibit 8F, which contained his opinion (Tr. 50, 51). The law judge stated (Tr. 50):

> The undersigned also considered the opinion of two State Agency reviewers and two consultative examiners (Exhibits 4F, 6F, 8F and 12F). Their opinions of claimant's condition were generally the same. Both reviewers found claimant has the ability to lift 20 pounds occasionally and 10 pounds frequently. In an 8-hour workday, claimant has the ability to stand, walk, or sit for 6 hours. Her ability to push and/or pull is unlimited (Exhibits 8F and 12F). The first reviewer found claimant has the ability to climb ramps and stairs

occasionally, but never ladders, ropes, or scaffolds. She has the ability to balance, stoop, kneel, crouch, or crawl occasionally. No manipulative, visual, communicative, or environment limitations were indicated (Exhibit 8F). The second reviewer did not indicate any postural, manipulative, visual, communicative, or environmental limitations (Exhibit 12F).

The law judge thereafter discussed the findings by a consultative examiner regarding the plaintiff's physical condition (Tr. 50). He also stated that he gave weight to an MRI of the plaintiff's lumbar spine (Tr. 49-50, 50-51).

The plaintiff has not challenged the law judge's determination that the opinions regarding the plaintiff's condition "were generally the same" (Tr. 50). Significantly, the opinion in Exhibit 12F was rendered by a medical doctor (Tr. 427). In fact, that opinion was not as favorable for the plaintiff as Brown's. Thus, as the law judge noted (Tr. 50), Brown thought that the plaintiff had some postural limitations, but the doctor did not. Under these circumstances, there is no reason to think that, if the law judge had disregarded Brown's opinion, the law judge would have found greater

functional limitations than set forth in the residual functional capacity finding.

As Magistrate Judge Karla Spaulding has explained in similar circumstances, improper reliance on the opinion of a single decision-maker can be harmless error (Doc. 14-2, pp. 8-9; Dotti v. Commissioner of Social Security, Case No. 6:11-CV-900-ORL-KRS (M.D. Fla. 2013). That is clearly the case here.

The plaintiff contends further that the law judge erred by giving weight to the treatment notes of the plaintiff's MRI (Doc. 13, p. 12). She asserts that the MRI does not constitute a medical opinion. This contention is baseless. The MRI was read by a medical doctor who stated his findings and diagnostic impression (Tr. 457).

The plaintiff also argues that that law judge failed to consider the full opinion of Angel R. Martinez, Ph.D.; failed to weigh his opinion; and failed to reconcile his opinion with the finding of the plaintiff's residual functional capacity (Doc. 13, p. 13). This argument is unpersuasive. The law judge clearly considered Dr. Martinez's opinion, which was rendered after a

consultative examination, since he expressly referred to it in his decision (Tr. 50).

Furthermore, the law judge did not err on the ground that he did not include in his decision portions of Dr. Martinez's report that were inconsistent with his decision. In the first place, the law judge was not required to recount in detail all of the salient portions of Dr. Martinez's report. Thus, the law judge is not required to discuss in his decision every piece of evidence, Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005), so that, a fortiori, he is not required to discuss every comment in every piece of evidence.

In this case, the law judge did note that Dr. Martinez diagnosed the plaintiff with anxiety disorder and borderline personality disorder (Tr. 50). The law judge found that the plaintiff had a severe impairment of anxiety disorder (Tr. 47), which was consistent with Dr. Martinez's opinion. The law judge also considered the impairment of borderline personality disorder but found that it was non-severe because its symptoms were appropriately attributed to the anxiety disorder (Tr. 48). The plaintiff has not

challenged that finding.   Consequently, the law judge has expressly and
reasonably evaluated Dr. Martinez's diagnoses (see Tr. 334).

Furthermore, the law judge expressly noted Dr. Martinez's
diagnosis of a Global Assessment of Functioning of 65 (Tr. 50; see Tr. 334).
The GAF scale "[c]onsider[s] psychological, social, and occupational
functioning on a hypothetical continuum of mental health-illness."
Diagnostic and Statistical Manual of Mental Disorders, (DSM-IV-TR) (4th
ed., Text Revision), p. 34.   A rating of 61-70 indicates "[s]ome mild
symptoms ... OR some difficulty in social, occupational, or school functioning
..., but generally functioning pretty well, has some meaningful interpersonal
relationships" (id.).   A GAF score of 65 is inconsistent with moderate
limitations.

Dr. Martinez's assessment of a GAF of 65 would mean that, in
his opinion, the plaintiff would have only mild symptoms from a mental
impairment.   Consequently, despite comments in Dr. Martinez's report that
the plaintiff considers favorable to her position, Dr. Martinez's bottom line
was that the plaintiff only had a mild mental impairment.   In light of that
circumstance, Dr. Martinez's report does not even support the law judge's

findings that the plaintiff has moderate difficulties in social functioning and moderate difficulties in concentration, persistence, or pace, and that the plaintiff's anxiety disorder is a severe impairment.

Here, the law judge appropriately considered Dr. Martinez's report, but he gave great weight to the opinions of nonexamining reviewing psychologist Dr. Timothy Foster (Tr. 50-51).   Dr. Foster concluded, based upon Dr. Martinez's report, as well as other evidence in the record (Tr. 418), that the plaintiff had moderate difficulties in social functioning and in concentration, persistence, or pace (Tr. 416, 418).  The law judge accepted these limitations.  In all events, Dr. Martinez's report does not reflect greater mental functional limitations than these.

Further, the plaintiff's complaint that the law judge did not fully consider Dr. Martinez's report is ironic since that report stated that in 2007, which was during the period of alleged disability, the plaintiff was released from prison for credit card fraud (Tr. 332).   That conviction could substantially impeach the plaintiff's credibility.  However, the law judge did not mention it in his credibility determination.

The plaintiff argues next that the law judge's finding of the plaintiff's mental limitations is insufficient (Doc. 13, p. 15). The law judge in his residual functional capacity concluded that the plaintiff is limited to "simple tasks and has a moderately limited ability to maintain attention and concentration and work related stress and interact with the public" (Tr. 49). These limitations were reflected in the hypothetical questions to the vocational expert (Tr. 18-19). To the extent the plaintiff argues that the mental limitations in the residual functional capacity and the operative hypothetical question are insufficient as a matter of law to account for moderate difficulties in concentration, persistence, or pace, that contention is unpersuasive.

The leading case cited by the plaintiff in this regard is Winschel v. Commissioner of Social Security, 631 F.3d 1176, 1180-81 (11th Cir. 2001). Winschel holds that a hypothetical question to a vocational expert must either explicitly, or implicitly, account for limitations in concentration, persistence, or pace identified at step two of the sequential analysis. This case is distinguishable from Winschel (and Richter v. Commissioner of Social Security, 379 Fed. Appx. 959 (11th Cir. 2010), which is also cited by the

plaintiff) because the law judge's hypothetical question explicitly accounted for the plaintiff's moderate concentration deficit. Thus, the law judge stated in the hypothetical question to the expert that the plaintiff had a moderately limited ability to maintain attention and concentration (Tr. 18). Furthermore, the law judge defined "moderately limited" as "conditions which affects but does not preclude the ability to function" (Tr. 49). There is no indication that the vocational expert did not understand the term "moderately limited" as defined, or considered it lacking in specificity. Under these circumstances, the residual functional capacity and the hypothetical question adequately accounted for the plaintiff's moderate concentration deficit. See Washington v. Social Security Administration, Commissioner, 2013 WL 150237 at *2 (11th Cir.) (unpub. dec.) (limitation to simple, routine tasks adequately addressed the plaintiff's moderate limitations as to concentration, persistence, or pace because the evidence showed that the plaintiff could perform such tasks); Smith v. Commissioner of Social Security, 486 Fed. Appx. 874, 876 (11th Cir. 2012) (unpub. dec.) (medical evidence demonstrated that the performance of simple, routine and repetitive tasks adequately accounts for a moderate limitation in ability to maintain concentration, persistence, or

pace); Scott v. Commissioner of Social Security, 2012 WL 5358868 at *2 (11th Cir.) (unpub. dec.) (medical evidence demonstrated that the plaintiff could engage in simple, routine tasks or unskilled work despite moderate limitations in concentration, persistence, or pace); Jarrett v. Commissioner of Social Security, 422 Fed. Appx. 869, 872 (11th Cir. 2011) (medical evidence supports the conclusion that the plaintiff could perform simple tasks notwithstanding a moderate limitation in maintaining concentration, persistence, and pace).

Notably, the plaintiff's attorney in an opening statement at the hearing indicated that the plaintiff's claim of disability was solely based upon physical problems (Tr. 6). Further, the plaintiff's testimony upon examination by her lawyer did not assert any functional limitations from a mental impairment. When the law judge subsequently asked the plaintiff if she in the past had any emotional or psychological issues, she said, "Yes" (Tr. 15). However, even with that prompting, she did not testify to any mental functional limitations. Thus, the plaintiff's testimony does not support a claim of a severe mental impairment. And without any support from her own testimony, the plaintiff is hard-pressed to demonstrate that the evidence

compels a finding that she has greater mental functional limitations than found by the law judge.

The plaintiff also contends that the law judge's credibility determination is not supported by substantial evidence (Doc. 13, p. 16). This contention lacks merit.

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective symptoms. Dyer v. Barnhart, supra, 395 F.3d at 1210. As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

If the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985). In

-17-

other words, this credibility finding must be adequately explained.  Cannon

v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

The law judge properly applied the Eleventh Circuit's pain

standard.  The law judge recognized the need to articulate a credibility

determination, and he referred to the pertinent regulations and Social Security

rulings (Tr. 51).  He also set forth the controlling principles (id).  This

demonstrates that the law judge employed the proper standards.  See Wilson

v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002).

The plaintiff testified that she can only sit for five minutes, can

only stand for five minutes and can only lift three pounds (Tr. 11).  She said

further that she is unable to walk one block (Tr. 12).

The law judge acknowledged the plaintiff's testimony in his

decision (Tr. 51).  With respect to the plaintiff's physical impairments, the

law judge concluded (id.):

> In terms of claimant's allegation, the undersigned
> finds her testimony not fully credible.  Claimant
> appears to exaggerate her symptoms of pain.  The
> intensity, severity, and duration of her allegations
> are not supported by the medical record.
> Claimant's activities of daily living,[sic] are more

than what one would expect from a person who
alleges limitations which claimant was asserted.

Thus, the law judge reasonably determined that the extreme limitations that
the plaintiff testified to, such as only being able to sit or stand for five
minutes, were exaggerated. He found further that those limitations were not
supported by the medical record, and that finding is reasonable. He also
considered the plaintiff's daily activities (id.), and concluded that they are
greater than what would be expected of an individual with the extreme
limitations claimed by the plaintiff. These reasons amply support the law
judge's credibility finding. Heppell-Libsansky v. Commissioner of Social
Security, 170 Fed. Appx. 693 (11th Cir. 2006).

Notably, the law judge did not entirely reject the plaintiff's
complaints of pain. Rather, he found that the plaintiff's pain restricted her to
light work with the additional limitations of avoiding climbing of ropes,
ladders and scaffolds, and crawling and crouching, and only the occasional
ability to climb ramps and stairs, and to stoop, kneel and balance (Tr. 49). He
determined that the plaintiff was not credible to the extent she claimed greater

limitations (Tr. 52).  As indicated, this determination was reasonable and supported by substantial evidence.

The plaintiff also seems to question the law judge's reliance on the plaintiff's activities of daily living in making his credibility determination (Doc. 13, p. 18).  It is clearly proper for the law judge to consider such activities in assessing the plaintiff's credibility.  Macia v. Bowen, 829 F.2d 1009, 1011-12 (11th Cir. 1987); Couch v. Astrue, 267 Fed. Appx. 853, 856 (11th Cir. 2008).  In fact, as the plaintiff acknowledges (Doc. 13, p. 17), the regulations provide that daily activities are to be considered in determining the credibility of the plaintiff's subjective complaints.   20 C.F.R. 404.1529(c)(3)(i), 416.929(c)(3)(i).

The plaintiff asserts that her daily activities support her claim of disability (Doc. 13, p. 18).  The law judge, however, found that the plaintiff was not fully credible, so that the plaintiff cannot rely simply upon her version of her daily activities to support her allegation of disability. The law judge's point in this connection was that, accepting what the plaintiff acknowledged she could do, those activities were more than one would

expect from a person who alleges the extreme limitations the plaintiff asserted (Tr. 51).

Furthermore, the plaintiff's argument that her daily activities support her credibility regarding an inability to work is insufficient (Doc. 13, p. 18). Rather, the plaintiff must demonstrate that the evidence compels a finding that she was credible regarding her inability to work. Adefemi v. Ashcroft, supra.

The plaintiff also contends that "[i]t is apparent that the ALJ decided the credibility of the plaintiff's statements after he determined plaintiff's RFC, posed a hypothetical based upon that RFC, and then used the RFC and the vocational expert's testimony to discredit plaintiff's statements" (Doc. 13, pp. 18-19). This contention is baseless. The law judge explained that in determining the plaintiff's residual functional capacity he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of" the regulations and Social Security Rulings governing credibility determinations (Tr. 51).

Finally, the plaintiff contends that the hypothetical questions propounded to the vocational expert were flawed because they did not include all of the plaintiff's functional limitations (Doc. 13, p. 19). "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Ingram v. Commissioner of Social Security Admin., 496 F.3d 1253, 1270 (11th Cir. 2007), quoting Wilson v. Barnhart, supra, 284 F.3d at 1227. However, the administrative law judge is not required to include restrictions in the hypothetical question that he properly finds are unsupported. Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1161 (11th Cir. 2004).

The only alleged deficiency the plaintiff identifies on this point was a failure to include comments made by Dr. Martinez (Doc. 13, p. 20). The scheduling Order requires a plaintiff to support each discrete challenge "by citations to the record of the pertinent facts" (Doc. 12, p. 2). Consequently, any other alleged deficiencies in the hypothetical questions are deemed abandoned.

With respect to Dr. Martinez's opinions, his report does not support any mental functional limitations.  As previously explained, he assessed the plaintiff with a GAF of 65, which reflects only mild symptoms. Mild symptoms do not result in functional limitations.

Nevertheless, the law judge, based upon Dr. Foster's opinions, included mental functional limitations in the hypothetical questions.  Thus, as indicated, he included, among other restrictions, a moderate limitation in the ability to maintain attention and concentration and to interact with the general public (Tr. 49).  There is nothing in Dr. Martinez's report that supports, much less compels, greater mental functional limitations. Consequently, the hypothetical questions were not flawed.

IV.

For these reasons, the decision of the Commissioner is supported by substantial evidence and does not contain reversible error.  I, therefore, recommend that the decision be affirmed.

Respectfully submitted,

THOMAS G. WILSON
DATED: APRIL _10_, 2013    UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. 636(b)(1).